IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MAUREEN E. LEYVA : CIVIL ACTION
:
v. :
:
CITY OF PHILADELPHIA : NO. 10-5088

MEMORANDUM

Bartle, C.J. December 17, 2010

Plaintiff Maureen E. Leyva ("Leyva"), a Delaware resident acting pro se, brings claims for violations of her civil rights under 42 U.S.C. § 1983 against the City of Philadelphia. Leyva asserts that she received insufficient notice of a lawsuit brought by the University of Pennsylvania Small Animal Hospital against her in the Philadelphia Municipal Court for failure to pay certain veterinary bills. See Univ. of Pa. Small Animal Hosp. v. Leyva, No. SC-09-10-08-3945 (Phila. Mun. Ct. Oct. 8, 2009). Pending before the court is the motion of the City for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

I.

In deciding a motion for judgment on the pleadings, we review the facts and inferences to be drawn from the pleadings in the light most favorable to the non-movant as we would in connection with a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 406 (3d Cir.

1993). A court generally may not consider matters outside the pleadings. Mele v. Fed. Reserve Bank of New York, 359 F.3d 251, 257 (3d Cir. 2004). However, a court may consider extraneous documents without converting the motion to dismiss into one for summary judgment if the documents are "integral to or explicitly relied upon in the complaint." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996), superseded by statute on other grounds, Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(1)-(2) (2010)).

## II.

The following facts are taken from the complaint and viewed in the light most favorable to the plaintiff. As noted above, Leyva was sued in the Philadelphia Municipal Court. On October 8, 2009, Leyva was presented at her home in Delaware with a registered letter containing a summons to appear in court. She refused the registered letter and returned it unopened, believing that it was "harassment by the plaintiff's attorney."

That same day, Leyva was served with process by means of first class mail at her home. She claims that she "leafed through the documents and saw claims" and then put the letter away. According to Leyva, the envelope she received did not indicate "official court business" or that a summons was contained within. She took no further action until she received a letter in December 2009 informing her of a default judgment entered against her for failure to appear.

Since that time, Leyva has made numerous unsuccessful attempts to reopen her case. On March 5, 2010, she filed a complaint against the City of Philadelphia in the United States District Court for the District of Delaware for violation of her civil rights. See Leyva v. City of Philadelphia, No. 10-187 (D. Del. Mar. 5, 2010). She filed an amended complaint on June 3, 2010. Thereafter, the case was transferred to this court. The City's motion for judgment on the pleadings followed.

III.

To establish a claim under 42 U.S.C. § 1983, a plaintiff must allege a deprivation of a federal right by an individual acting under color of state law. Lake v. Arnold, 112 F.3d 682, 689 (3d Cir. 1997). A municipality such as the City of Philadelphia may also be liable under § 1983 if it had a policy or custom which caused the deprivation. Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 691-95 (1978).

According to Leyva, the notice afforded by the City to nonresident defendants violates the Constitution. The City's practices related to service of process are based on the Pennsylvania Rules of Civil Procedure. Under these Rules, "original process shall be served outside the Commonwealth ... by mail in the manner provided by Rule 403." See Pa. R. Civ. P. 404(2). Rule 403 provides that service must be made by registered mail and that

> [i]f the mail is returned with notation by
> the postal authorities that the defendant
> refused to accept the mail, the plaintiff

> shall have the right of service by mailing a
> copy to the defendant at the same address by
> ordinary mail with the return address of the
> sender appearing thereon. Service by
> ordinary mail is complete if the mail is not
> returned to the sender within fifteen days
> after mailing.

Pa. R. Civ. P. 403(1). In contrast, the Pennsylvania Rules require that residents of the Commonwealth must receive personal service. Pa. R. Civ. P. 402(a).

Leyva first contends that the Pennsylvania Rules relating to service of process violate the Privileges and Immunities Clause of Article IV of the Constitution of the United States. This provision states that "[t]he Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." U.S. Const. art. IV, § 2, cl. 1. Under this clause, a state may not deprive nonresidents of a fundamental privilege unless "there is a substantial reason for the difference in treatment; and ... the discrimination practiced against nonresidents bears a substantial relationship to the State's objective." Supreme Court of N.H. v. Piper, 470 U.S. 274, 284 (1985).

We will assume that service of process, as an integral part of access to the courts, is a fundamental right under the Privileges and Immunities clause. See Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990) (citing Chambers v. Baltimore & Ohio R.R., 207 U.S. 142, 148 (1907). However, we cannot say that the Commonwealth lacks a substantial reason for distinguishing between residents and nonresidents with regard to service of

-4-

process. As the Supreme Court declared in Hess v. Pawloski, service of nonresidents by registered mail "operates to require a nonresident to answer for his conduct in the state ... as well as to provide for a claimant a convenient method by which he may sue to enforce his rights." 274 U.S. 352, 356 (1927). This method of service "makes no hostile discrimination against nonresidents, but tends to put them on the same footing as residents." Id. We are aware of no decision holding that service of nonresidents by registered mail violates the Privileges and Immunities clause of Article IV. We decline to find Rule 403 invalid on this ground.

Leyva also asserts that service by registered mail violated her "basic civil rights" and that as a result she was denied a full hearing in the action against her in the Philadelphia Municipal Court. We interpret this as a claim for violation of the Due Process clause of the Fourteenth Amendment. Due process requires service that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). The Supreme Court has held repeatedly that service by registered mail satisfies the requirements of due process. See, e.g., Dusenbery v. United States, 534 U.S. 161, 169-70 (2002); Tulsa Prof'l Collection Servs., Inc. v. Pope, 485 U.S. 478, 490 (1988); Hess, 274 U.S. at 355-57.

Here, Leyva refused service by registered mail. She now asserts that she had no knowledge of the hearing date or that

the correspondence she received was official court business.
These arguments are without merit.  In her complaint, Leyva
admits that she received a letter by first class mail containing
a "statement of claim," pursuant to Rule 403 of the Pennsylvania
Rules of Civil Procedure.  Because Leyva explicitly references
the Statement of Claim and it goes to the heart of her complaint,
we may consider it when ruling on a motion for judgment on the
pleadings.  See Mele, 359 F.3d at 256 n.5 (citing In re
Burlington Coat Factory, 114 F.3d at 1426).

        The Statement of Claim contains the official seal of
the Philadelphia Municipal Court.  It plainly states that it is a
"Summons to the Defendant" to appear at a hearing scheduled on
December 14, 2009.  This information was reasonably calculated to
put Leyva on notice and afford her an opportunity to respond.
The City cannot be said to have violated her constitutional
rights simply because Leyva chose to refuse the attempt at
service by registered mail and then only to "leaf through" a
second mailing, which she admittedly received.

        Accordingly, we will grant the motion of the City of
Philadelphia for judgment on the pleadings.[1]

---

1. Leyva also asserts in her complaint that she was denied the "right to be represented by defense attorney."  There is no constitutional right to counsel in civil cases.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).